## Schl. Dis. Boro. of Bellevue v. Schl. Dis. Boro. of Emsworth, Appellant.

Argued April 30, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*John E. Winner,* for appellant, cited: Wolfgang v. East Township School District, 23 York 106; Tenth Nat. Bank v. Smith Construction Co., 218 Pa. 581.

*Mahlon E. Lewis,* and with him *Alter, Wright & Barron* and *J. Smith Christy,* for appellee.

OPINION BY TREXLER, P. J., July 10, 1930:

The following facts appear in the case stated: "The School District of the Borough of Emsworth does not maintain a high school within its limits but sends its qualified pupils to the Bellevue High School, which maintains a four-year term. During the Fall of the year, 1923, Thomas Mooney, a minor and a qualified pupil residing within the Emsworth School District, with the consent of the defendant School District, entered the Bellevue High School for the four-year term. At the end of the term Mooney failed to graduate and the Emsworth School District permitted him to continue in his attendance at the Bellevue High School for the first semester of the fifth year. During the month of December, 1927, the defendant was

advised by the officials of the Bellevue High School that the said Thomas Mooney was not keeping up with his class, and on December 21, 1927, the defendant notified the principal of the Bellevue High School in the plaintiff School District, by letter, that it would not pay any further tuition for the said Thomas Mooney. After some correspondence, Mooney was permitted to complete the month of January in order to enable him to graduate on or about February 1st, but he failed to graduate. He continued in school without the consent of the Emsworth School District until June 1st when he graduated.'' For the four months following February 1st, up to June 1st, the district last named in which the pupil resided, declined to pay, hence this suit.

The 1707th section of the School Code of 18 May, 1911, P. L. 309, amended by Act of 1 June, 1915, P. L. 672, provides, ''Pupils residing in school districts in which no public high schools are maintained may attend, during the entire term, the high school in other districts which are nearest and most convenient to their homes. If any district maintains a high school with a course less than a four years course, pupils who have satisfactorily completed the same, etc., may attend at the expense of the school district in which they live during the remaining years of a three or four years course the nearest or most conveniently located school.''

''A complete high school course is one requiring four years beyond an elementary course of eight years, or six beyond an elementary course of six years.'' Act of 7 April, 1925, P. L. 166.

The appellant argues that this ''fixes the term as of four years for scholars who have completed an elementary course of eight years, and that if a pupil has attended a high school outside of the district where he resides for four years and fails to graduate, the district from which he came cannot be required to

pay the tuition beyond that period." It is evident that reference to a four years course means a curriculum which is ordinarily designed to be covered in four years. It is not intended to define the period to which the scholar is restricted in his attendance. "If a student, through sickness or other reasonable cause cannot complete the course in four years, he is entitled to stay in school so that he may be enabled to do so." As stated by the lower court, "It is a matter of right and not of contract." "The Legislature intended to create a complete system of education whereby the fullest opportunity should be given to each child of school age in the Commonwealth to attain the standard set up by the State." "He has the same right to attend high school in a neighboring district as he would have if there were one in the district in which he resides." It is not unusual for pupils to complete their course of studies after their classmates have graduated. Those in charge of the high school which the non-resident pupil attends have the same right to allow him to attend after the term has expired as the school authorities would have in his home district. Whether he shall be permitted to continue after the ordinary four years is within the sound discretion of the board having charge of the school he attends.

We see no merit in the argument that the home district "has no control over its pupils who attend high school in other districts.. It has no right to supervise or superintend the course of study. It has no means of. curbing inattention or laziness among its pupils." The answer to this in brief is that when the pupil passes to the high school of the adjoining district, he ceases to be a pupil in his home school. Certainly there is no dual control of him. He is subject to the rules and regulation of the school he attends.

Being of the opinion that the plaintiff is entitled to

recover, we, in accordance with the stipulation contained in the case stated, make the following order:

Judgment is entered against the School District of Emsworth and in favor of the School District of Bellevue for the sum of $48.00 with interest thereon from January 28, 1929; appellant to pay the costs.